**Brian Michael BARTHOLOMEW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–91–00727–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 14, 1994.

Rehearing Denied Aug. 4, 1994.

Discretionary Review Refused Oct. 19, 1994.

Allen C. Isbell, Houston, for appellant.

Karen A. Clark, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION ON REMAND

ELLIS, Justice.

Appellant, Brian M. Bartholomew, appeals his judgment of conviction for the misdemeanor offense of reckless driving. *See* TEX. REV.CIV.STAT.ANN. art. 6701d, § 51(a) (Vernon 1977). The jury rejected appellant's not guilty plea and the court assessed punishment at thirty (30) days confinement in the Harris County Jail and a fine of $200.00. We reverse.

We affirmed appellant's conviction on June 18, 1992. *Bartholomew v. State,* 834 S.W.2d 475 (Tex.App.—Houston [14th Dist.] 1992). The Court of Criminal Appeals granted appellant's petition for discretionary review on October 14, 1992. That court reversed our judgment on February 23, 1994, and remanded the cause to us for further proceedings consistent with its opinion.

This court held that the offenses of speeding and racing are not lesser included offenses of the offense of reckless driving, and, as such, were not required to be submitted in the charge. The Court of Criminal Appeals, however, found that under the facts of this case, our holding was erroneous. *Bartholomew v. State,* 871 S.W.2d 210 (Tex.Crim.App. 1994). The Court of Criminal Appeals remanded the cause to this court to address the second prong of the *Royster* test, and to determine whether the error, if any, was harmless.

The second prong of the test set forth in *Royster v. State,* 622 S.W.2d 442 (Tex. Crim.App.1981, opinion on reh'g) is whether there is some evidence in the record that if guilty, the appellant is guilty only of a lesser included charge. *Ross v. State,* 861 S.W.2d 870 (Tex.Crim.App.1992); *Saunders v. State,* 840 S.W.2d 390 (Tex.Crim.App.1992, reh'g denied). The Court of Criminal Appeals explained this second prong in *Rousseau v. State,* 855 S.W.2d 666 (Tex.Crim.App.1993), holding that it means merely that "some evidence must exist in the record that would permit a jury rationally to find that if the

defendant is guilty, his is guilty only of the lesser offense."

Appellant presents two points of error on remand. He submits the trial court erred in refusing to instruct the jury on the lesser included offenses of speeding and racing.

On February 14, 1991, Linda Smith was driving south on Post Oak when she saw two vehicles, a red Pontiac Firebird and a black Porsche, traveling at a high rate of speed. She believed the drivers were racing. Appellant was driving the black Porsche. The other driver was driving the red Pontiac Firebird. Appellant's Porsche accelerated to pass Smith, and when the Pontiac was directly behind Smith, she pulled over to allow the Pontiac to pass. The Porsche was in the right lane and the Firebird was in the opposite lane. The cars sideswiped a third vehicle and then split up. The driver of the Pontiac lost control of his car. He crossed into the on-coming lane and hit another car which caused him to hit the curb of the street and become airborne. The Pontiac then hit a pole and turned over, resulting in its driver's death.

■ In *Saunders v. State*, 840 S.W.2d 390, 391–92 (Tex.Crim.App.1992), the court stated: "There are two ways in which the evidence may indicate that a defendant is guilty only of the lesser offense. First, there may be evidence which refutes or negates other evidence establishing the greater offense. For instance, if a defendant is charged with aggravated robbery and evidence is presented which indicates the defendant may not have used a deadly weapon, then a charge on the lesser offense of robbery would be required. If, however, the defendant simply denies commission of the offense, see e.g., *McKinney v. State*, 627 S.W.2d 731 (Tex. Crim.App.1982); *McCardell v. State*, 557 S.W.2d 289 (Tex.Crim.App.1977), or there is no evidence specifically raising an issue regarding use of the weapon, see e.g. *Denison v. State*, 651 S.W.2d 754 (Tex.Crim.App. 1983), and *Thomas v. State*, 543 S.W.2d 645 (Tex.Crim.App.1976), then the charge on the lesser offense would not be required."

■ Second, a defendant may be shown to be guilty only of the lesser offense if the evidence presented is subject to different interpretations. In *Thomas v. State*, 699 S.W.2d 845, 851 (Tex.Crim.App.1985), the court held that if the evidence raises two inferences regarding the defendant's awareness of the risk, then the jury should be instructed on both inferences. *Id.* (citing *Schoelman v. State*, 644 S.W.2d 727 (Tex. Crim.App.1983)).

For instance, in *Lugo v. State*, 667 S.W.2d 144 (Tex.Crim.App.1984), the defendant was charged with murder. He claimed on appeal that the jury should have been charged on involuntary manslaughter. The evidence showed that the defendant pointed a loaded rifle at his wife to persuade her to relinquish the car keys. This evidence could have been interpreted to show that the defendant intentionally pointed the rifle at the wife knowing it was loaded and then intentionally shot her, or it could have been interpreted to show that the defendant consciously disregarded a substantial risk. This court held that the evidence showed that the defendant could have been guilty only of the lesser offense and the charge should have been given.

■ In the instant case a summary of the testimony is as follows:

(1) Linda Smith was traveling 20–25 mph on South Willow in the left hand lane.

(2) Shortly after the intersection of South Willow and Chimney Rock, appellant passed her in the right lane going 50 mph or more; as this happened, a red car traveling that same speed was coming behind her in the left lane.

(3) After passing Smith's car, appellant pulled into the left lane; at the same time, Smith moved to the right lane; both were trying to make a clear path for the red car which was barreling down on both of them.

(4) The red car was now directly behind appellant in the left lane, and appellant must have moved to the right. We know this because the red car was in the left lane parallel to appellant as they passed ABC Door Company.

(5) Just beyond ABC Door Company is the S-curve. As the two cars entered the curve, the red car was in the left

lane, 20 yards ahead of appellant's car and it was going faster than appellant's car.

(1) Rate of Speed issue:

(2) Racing issue:

The testimony conflicted on two points: (1) the rate of speed the cars were traveling; and (2) whether the cars were racing:

| | |
|---|---|
| Andrean Metoyer: | 30–35 mph |
| Gary Swartz: | 70–80 mph |
| Anthony Lewis: | 80 mph |
| M.W. Powell: | 59 mph |
| Linda Smech: | 50 mph |
| | |
| Gary Swartz: | no way of knowing. |
| Appellant: | not racing. |
| Anthony Lewis: | appeared to be racing. |
| Linda Smith: | appeared to be racing. |

Appellant testified that he accelerated above the speed limit because the car behind him was driving so fast. He testified that he continued the accelerated speed to avoid the red car, and to allow it to pass whenever a lane was clear. He also denied that he was racing. He denied that he was driving with wanton disregard for the safety of people or property.

Therefore, there was some evidence upon which a rational trier of fact could have found appellant guilty of either speeding or racing, rather than reckless driving. Remembering that the jury is free to believe some evidence and disregard others, without being "second-guessed" by a reviewing court, the jury could have found that appellant was only guilty of speeding, but not of racing or recklessly driving, if:

(1) The jury believed that appellant was traveling 50–80 mph; and

(2) The jury believed that he was not racing with the red car that was also speeding; but

(3) The jury did not believe the speeding was necessary to avoid a collision; and

(4) The jury did not believe his speeding was with wanton disregard for the safety of people or property.

Likewise, the jury could have found appellant guilty only of racing, rather than speeding or reckless driving, if:

(1) The jury believed it was the excessive speed of the red car which forced others to change lanes and/or speed to avoid an accident; and

(2) The jury believed that once the red car had passed Smith's car, and appellant had moved to the right lane, he began racing with the red car rather than slowing to the posted speed limit, but

(3) The jury believed that he was not racing with wanton disregard for the safety of people or property.

It was for the jury to decide whether the events observed and testified to by the various witnesses, when weighed together and integrated as much as possible, showed that: (1) appellant was speeding unnecessarily under the circumstances; or (2) appellant was racing with the red car once the reason for speeding had passed; or (3) appellant was speeding and racing down South Willow with the red car in wanton disregard for the safety of people or property. We hold that there was sufficient evidence and conflicts within the evidence for a jury to believe that appellant was only guilty of any of the three offenses under a correctly given charge.

### HARM ANALYSIS

*Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985), governs the issue of harm when an incorrect jury charge has been given. Appellant objected to the charge by specifically requesting instructions on the lesser included offenses of "speeding" and "racing" and the trial court denied his requested instructions.

Because the error in the charge was brought to the trial court's attention when it could have been corrected, appellant needs only to show some harm to be entitled to a

reversal of his conviction. The punishment for reckless driving is a maximum of 30 days in the county jail and a $200.00 fine. The maximum punishment for speeding or racing is a fine of $200.00, with no incarceration. In this case, appellant was harmed because the jury had no option except to convict him of reckless driving or to acquit him altogether. A correct jury charge would have allowed the jury to have found him guilty of an offense whose penalty is not as severe. We sustain appellant's first and second points of error. We therefore reverse the trial court's judgment and remand the cause for a new trial.