Reversed and Remanded and Opinion filed July 18, 2002














Reversed and
Remanded and Opinion filed July 18, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-00589-CR

_______________

 

CASSANDRA SUE
BENGE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________________________________

 

On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 838,237

___________________________________________________________________

 

O P I N I O N

            Appellant, Cassandra Sue Benge, was charged with aggravated assault with a motor
vehicle.  A jury found her guilty of the
lesser included offense of deadly conduct. 
The trial court assessed punishment at one year’s confinement, probated
for eighteen months.  This appeal
followed.  In a sole issue, appellant
contends that the trial court erred in denying her a jury instruction on reckless
driving because it is a lesser included offense of aggravated assault with a
motor vehicle.  We reverse and remand for
a new trial.




 








                                                             I.  Background

            On September 3, 1999, the complainant, Scott
Landers, was driving home from work at a Hi-Lo O’Reilly Auto Parts store when
he encountered appellant and her friend, Ricky Rister,
driving in appellant’s truck in the opposite direction.[1]  Landers testified the truck turned around and
chased him, so he decided to return to work to call the police.  In contrast, appellant testified Landers
turned around and pulled in front of her. 
Nevertheless, while both vehicles were stopped at the next intersection,
appellant and Rister exited the truck and approached
Landers’s car.  According to Landers, Rister’s hand was “balled up” in a fist.  Appellant testified she and Rister approached Landers’s car to obtain an explanation
for his actions.  Landers instead sprayed
them with pepper spray, then continued driving to the store.  Despite the pepper spray’s effects, appellant
returned to her truck and continued following Landers, but she denied she
chasing him.

            As Landers attempted to enter the
store, he heard brakes “squeal,” saw appellant maneuver her truck between two
poles, and saw appellant drive the truck toward him.  Landers squeezed into a nook in the wall and
narrowly avoided being crushed as appellant drove into the store wall.  Appellant hit the store with such force that
internal walls and display racks were damaged. 


            Appellant offered an explanation in
her testimony for this collision.  She
testified that as neared the store, Rister yelled,
“That’s him, turn in.”  She “cut the
wheel” and turned into the store parking lot going forty to forty-five miles
per hour.  Rister
then screamed at her to stop.  She “stood”
on the brake pedal with all her weight and also pressed the emergency brake
pedal, but she could not stop.  She
further testified she could avoid the store wall because there were cars to her
left and right.  She immediately left the
scene because she was frightened.  

            The store manager testified it
appeared appellant intentionally hit the store. 
A witness in the parking lot testified it appeared appellant
intentionally tried to hit Landers.  An
officer who investigated the incident found skid marks in front of the point of
impact, but he was unable to discern whether they resulted from a vehicle
braking or reversing.

                                                               II.  Discussion

                                                A. 
Preservation of Error

            The State
first contends that appellant did not preserve error because she failed to
object with sufficient specificity. 
Appellant objected, “I have only one objection to the charge.  That is, it does not include reckless
driving, a lesser included offense.”  The
trial court overruled her objection.  The
State contends that appellant needed to specify whether the alleged reckless
driving was done with disregard to persons or with disregard to property.  We disagree. 
We find that appellant preserved error because she distinctly specified
her objection to the charge.  See Tex.
Code Crim. Proc. Ann. art. 36.14 (Vernon 1999)
(defendant must distinctly specify each ground of objection to the charge); see also Ford v. State, 38 S.W.3d 836,
841 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d)
(objection need not be in perfect form, but need only be sufficient to call the
trial court’s attention to the omission in the charge).  Thus, we consider the merits of her issue.

                                   B.  Lesser Included Offense analysis

            We apply the following two-prong
test to determine if a defendant is entitled to a charge on a lesser included
offense: (1) the lesser included offense must be included within the proof
necessary to establish the offense charged; and (2) some evidence must exist in
the record that would permit a jury rationally to find that if the defendant is
guilty, she is guilty only of the lesser included offense.  Wesbrook v. State,
29 S.W.3d 103, 113 (Tex. Crim. App. 2000), cert. denied, 532 U.S. 944 (2001); Rousseau v. State, 855 S.W.2d 666,
672–73 (Tex. Crim. App. 1993).

            With regard to the first prong of
the test, appellant asserts that reckless driving is a lesser included offense
of aggravated assault with a motor vehicle because (1) it is established by
proof of the same or less than all the facts required to establish aggravated
assault with a motor vehicle, and (2) it differs from aggravated assault with a
motor vehicle only in that a less culpable mental state suffices to establish
its commission.[2]  The State contends that reckless driving is
not included within the proof necessary to establish aggravated assault with a
motor vehicle because the latter merely requires proof that the defendant used
or exhibited the vehicle as a threat, while reckless driving requires proof
that the defendant actually drove the vehicle.

            Contrary to the State’s contention,
“[i]t is not a question of whether or not the offense
charged is capable of being established on some theory that does not show the
lesser included offense.”  Broussard v. State, 642 S.W.2d 171, 173
(Tex. Crim. App. 1982).  “Rather the issue is whether or not the
State, in each case, when presenting its case to prove the offense charged,
also includes the lesser included offense.” 
Id.  Because a greater offense may be committed in
more than one way, appellate courts are required to analyze each case to determine
whether the lesser offense is actually a lesser included offense of the charged
offense.  Ford, 38 S.W.3d at 843; Broussard,
642 S.W.2d at 173 (citing Day v. State,
532 S.W.2d 302, 315–16 (Tex. Crim. App. 1976) (op. on
reh’g)).[3]  The first prong of this analysis is performed
in reference to the facts required to establish the charged offense.  See
Jacob v.  State, 892 S.W.2d 905,
907–08 (Tex. Crim. App. 1995); Ford, 38 S.W.3d at 844.  The
elements of the offense claimed to be a lesser included offense must be
functionally the same as or less than those required to establish the greater
offense as charged in the indictment.  See Jacob, 892 S.W.2d at 908; Ford, 38 S.W.3d at 844.

            Applying this analysis, we conclude
the elements of reckless driving are included within the facts required to
establish aggravated assault as charged in this case.  A person commits the offense of aggravated
assault by intentionally or knowingly threatening another with imminent bodily
injury and using or exhibiting a deadly weapon to do so.  Tex.
Pen. Code Ann. § 22.01(a)(2) (Vernon Supp.
2002); Tex. Pen. Code Ann. §
22.02(a)(2) (Vernon
1994).  Here, the indictment charged that
appellant did “unlawfully, intentionally and knowingly threaten Scott Landers
with imminent bodily injury by using and exhibiting a deadly weapon, namely, a
motor vehicle.”  A person commits the
offense of reckless driving by driving a vehicle in wanton and willful
disregard for the safety of persons or property.  Tex.
Trans. Code Ann. § 545.401(a) (Vernon 1999).

            The “driving” element of reckless
driving is included within the facts required to establish aggravated assault
in this case.  Although the indictment
does not specifically charge that appellant was driving the truck when she
committed the aggravated assault, her driving is encompassed within the
indictment because the State attempted to establish she used the truck as a
deadly weapon by the manner in which she drove it.  The State’s entire aggravated assault case
depends upon proof that appellant intentionally drove the truck straight at
Landers.  Therefore, the State was
required to prove appellant was driving the truck as an element of aggravated
assault.

            Moreover, the “reckless” element of
reckless driving is included within the facts required to establish aggravated
assault in this case.  “Willful and
wanton disregard” in the context of reckless driving means “the deliberate
conscious indifference to the safety of others.”  White
v. State, 647 S.W.2d 751, 753 (Tex. App.—Fort Worth 1983, pet. ref’d).  Clearly, one
who intentionally and knowingly threatens another with imminent bodily injury
has a deliberate, conscious indifference for that person’s safety.  Establishing the higher culpable mental state
of intent or knowledge necessarily establishes the lower culpable mental state
of recklessness.  See Bell v. State, 693 S.W.2d 434, 438 (Tex. Crim. App. 1985); Tex.
Pen. Code Ann. § 6.02(d),(e) (Vernon 1994).[4]  Accordingly, because the elements of reckless
driving are included within the proof necessary to establish aggravated assault
in this case, reckless driving is a lesser included offense of aggravated
assault.

            Having found that the first prong of
the test is satisfied, we consider the second prong of the test.  For a defendant to be entitled to a jury
charge on a lesser included offense, there must be some evidence from which a
jury could rationally acquit the defendant of the greater offense while
convicting her of the lesser included offense. 
Wesbrook,
29 S.W.3d at 113;  Rousseau, 855 S.W.2d 672–73.  The credibility of the evidence and whether
it conflicts with other evidence must not be considered in deciding whether the
charge on the lesser included offense should be given.  Saunders
v. State, 840 S.W.2d 390, 391 (Tex. Crim. App.
1992).  Thus, regardless of the strength
or weakness of the evidence, if evidence from any source raises the issue that the defendant is guilty only of
the lesser included offense, then the charge must be given.  Id.

            In this case, we find some evidence
raises the issue that appellant is guilty only of reckless driving.  Contrary to the testimony of Landers and
other witnesses, appellant denied she tried to hit Landers.  In addition, her testimony supports her
contention that she earnestly attempted to stop the truck.  This evidence tends to negate that she
intentionally threatened Landers with imminent bodily injury.  However, her speed and the manner in which
she turned into the parking lot raise the issue of reckless driving.[5]  If a jury believes appellant did not intend
to hit Landers, yet believes she consciously disregarded the possibility she
might be unable to stop before striking him or someone else in the parking lot,
it could rationally conclude she committed reckless driving, and not aggravated
assault.[6]  Because some evidence raises the issue of
reckless driving, the trial court erred by denying her requested instruction.[7] 




                                                          C.  Harm Analysis

            When an appellate court finds
jury-charge error, it must determine whether the error caused sufficient harm
to require reversal.  Hutch v. State, 922 S.W.2d 166, 170–71
(Tex. Crim. App. 1996) (citing Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim.
App. 1986)).  The degree of harm
necessary for reversal depends upon whether the error was preserved.  Id.  Error properly preserved by an objection to
the charge will require reversal “‘as long as the error is not harmless.’”  Id. (quoting Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g)).  This means any harm, regardless of degree, is sufficient to require
reversal.  Id. (citing Arline, 721
S.W.2d at 351).[8]  In conducting the harm analysis, a reviewing
court may consider the following factors: (1) the charge itself; (2) the state
of the evidence, including contested issues and the weight of the probative
evidence; (3) arguments of counsel; and (4) any other relevant information
revealed by the record of the trial as a whole. 
Id. (citing Bailey
v. State, 867 S.W.2d 42, 43 (Tex. Crim. App.
1993)).

            Because appellant preserved the
charge error in this case, we must determine whether the error caused any harm, regardless of degree.  See id.  Appellant maintains that the error caused some
harm because reckless driving carries a less severe penalty than deadly
conduct.[9]  We agree.

            Harm exists when the penalty imposed
for the charged offense exceeds the potential penalty for the lesser included
offense.  See Bignall v. State, 899 S.W.2d 282, 284
(Tex. App.—Houston [14th Dist.] 1995, no pet.); Bartholomew v. State, 882 S.W.2d 53, 57 (Tex. App.—Houston [14th
Dist.] 1994, pet. ref’d).  Appellant was sentenced to one year’s
confinement, although the trial court probated the sentence.[10]  If appellant were convicted only of reckless
driving, her maximum punishment would be confinement in county jail for 30 days
and a $200 fine.  Thus, we conclude that
appellant suffered some harm because the penalty for deadly conduct exceeded
the maximum penalty for reckless driving.

            The State contends appellant has not
shown any harm because the jury would have found her guilty of deadly conduct
even if the charge included reckless driving. 
However, because the evidence raised the issue of reckless driving, it
should have been the jury’s decision whether appellant was guilty of reckless driving
instead of deadly conduct.  Because a
correct jury charge would have given the jury the option to find appellant
guilty of an offense with a less severe penalty than the penalty imposed, she
suffered some harm.  See Bignall,
899 S.W.2d at 284; Bartholomew, 882
S.W.2d at 57.

            Accordingly, the judgment of the
trial court is reversed and the case remanded for a new trial.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Opinion filed July 18,
 2002.

Panel
consists of Justices Yates, Seymore and Guzman.

Publish — Tex. R. App. P. 47.3(b).











                [1]  Landers first encountered appellant and Rister a week earlier. 
Although Landers, appellant and Rister
disagree about the details, the first encounter essentially involved “road
rage” over one of the parties’ poor driving.





                [2]  An offense is a lesser included offense if (1) it is
established by proof of the same or less than all the facts required to
establish the commission of the offense charged; (2) it differs from the
offense charged only in the respect that a less serious injury or risk of
injury to the same person, property, or public interest suffices to establish
its commission; (3) it differs from the offense charged only in the respect
that a less culpable mental state suffices to establish its commission; or (4)
it consists of an attempt to commit the offense charged or an otherwise
included offense.  Tex. Code Crim.
Proc. Ann. art. 37.09 (Vernon 1981).





                [3]  For example, in Bartholomew
v. State, 871 S.W.2d 210 (Tex. Crim. App. 1994),
the defendant appealed the trial court’s refusal to submit racing and speeding
as lesser included offenses of reckless driving.  The indictment charged reckless driving and
alleged racing and speeding as the acts showing recklessness.  The State attempted to prove reckless driving
by proving that the defendant was speeding and racing with another
vehicle.  The court held that although
racing and speeding are not always lesser included offenses of reckless
driving, under the facts of this case they were.  Id. at 213.





                [4]  We disagree with the State’s argument that reckless
driving requires proof of facts not necessary to prove aggravated assault
because reckless driving, depending on the instruction given, requires proof of
disregard for the safety of property while aggravated assault requires no proof
regarding the safety of property.  One
commits reckless driving by driving with wanton and willful disregard for the
safety of persons or property.  Tex.
Trans. Code Ann. § 545.401(a). 
Thus, proof that appellant drove her vehicle with wanton and willful
disregard for the safety of both persons and property is not necessary to
establish reckless driving.  Proof that
she drove her vehicle with disregard for another person’s safety is sufficient
for reckless driving to be a lesser included offense in this case.





                [5]  Appellant testified she was “roughly” familiar with
the size of the parking lot, knew the distance 
she would have to stop, and knew the amount of time necessary to stop
her truck.





                [6]  In fact, the jury found that appellant’s conduct was
reckless because it found her guilty of deadly conduct, which requires the
mental state of recklessness.  See Tex.
Pen. Code Ann. § 22.05(a) (Vernon 1994) (a
person commits the offense of deadly conduct if she recklessly engages in
conduct that places another in imminent danger of serious bodily injury).





                [7]  Appellant’s driving the truck despite being sprayed in
the face with pepper spray is further evidence of recklessness.  She agreed that after she was sprayed, she
could have remained stopped at the intersection, she could have stopped on the
side of the road between the intersection and the store, or Rister
could have driven.  She believed Rister was not affected by the pepper spray because he was
behind her when she was sprayed.





                [8]  When the charge error is not preserved, “egregious
harm” is required.  Hutch, 922 S.W.2d at 171 (citing Almanza, 686 S.W.2d at 171).  





                [9]  Deadly conduct is punishable by (1) a fine not to
exceed $4,000; (2) confinement in jail for a term not to exceed one year; or
(3) both the fine and confinement.  Tex. Pen. Code Ann. § 22.05(e) (Vernon 1994); Tex. Pen. Code Ann. § 12.21 (Vernon
1994).  Reckless driving is punishable by
(1) a fine not to exceed $200; (2) confinement in county jail for not more than
30 days; or (3) both the fine and confinement. 
Tex. Trans. Code Ann. §
545.401(b) (Vernon 1999).





                [10]  The fact that appellant’s sentence was probated does
not affect our analysis.  Her probation
may be revoked if she violates its conditions. 
Thus, one year’s confinement remains a possibility.  Confinement for one year would not be a
possibility under any circumstance if appellant were convicted only of reckless
driving.