Michael **HERNANDEZ, Jr.,** Appellant,

v.

The **STATE** of Texas, State.

No. 2–94–120–CR.

Court of Appeals of Texas, Fort Worth.

March 23, 1995.

William H. "Bill" Ray, Fort Worth (on appeal only), for appellant.

Tim Curry, Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs, Helena F. Faulkner, Renee Harris and Fred Cummings, Assts. Fort Worth, for State.

Before DAY and LIVINGSTON, JJ., and PATRICE BARRON (Former Justice, Sitting by Assignment).

## OPINION

DAY, Justice.

Michael Hernandez, Jr. appeals his conviction for murder. TEX.PENAL CODE ANN. § 19.02 (Vernon 1994). A jury convicted Hernandez and assessed punishment of sixty years' confinement with a $5,000 fine.

We affirm.

On February 15, 1993, Eric Wallace, the deceased, went to Hernandez's dope house to buy drugs. Wallace wanted to buy the drugs on credit. Hernandez refused. Wallace and Hernandez began arguing and shoving each other. Hernandez yelled for someone to bring him his gun. After getting the gun, Hernandez chambered a round. Hernandez then pointed the gun at Wallace and threatened to shoot Wallace if Wallace did not leave. Wallace said "go ahead and shoot me," and Hernandez shot him.[1] Everyone immediately fled the house.

Hernandez fled to Victor Zamarripa's girlfriend's house and asked Zamarripa if he could hide out there because he had just shot Wallace. Zamarripa said no, and Hernandez went to his mother's house.

Several days later, the police issued an arrest warrant for Hernandez. Hernandez fled to his uncle's house in Mexico. After several weeks, Hernandez returned to the United States. The police arrested him at his mother's house.

In point of error one, Hernandez claims that insufficient evidence existed to support his conviction for murder because no one actually saw the fatal shot fired or the manner in which it was fired. We disagree.

■ In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after

so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex. Crim.App.1988).

"This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the State's evidence or believe that the defense's evidence outweighs the State's evidence. *See Matson v. State,* 819 S.W.2d 839, 846 (Tex. Crim.App.1991); *Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson,* 819 S.W.2d at 846.

■ In order for the jury to have properly convicted Hernandez of murder, sufficient evidence must have existed that Hernandez either: (1) intentionally or knowingly caused the death of Wallace; or (2) intended to cause serious bodily injury and committed an act clearly dangerous to human life that caused the death of Wallace. TEX. PENAL CODE ANN. § 19.02 (Vernon 1994). Therefore, we must affirm the conviction if a rational trier of fact could have found either of these elements beyond a reasonable doubt based on the evidence presented.

■ Here, the evidence showed: (1) Hernandez and Wallace argued over selling drugs on credit; (2) Hernandez asked for his gun; (3) Hernandez threatened to shoot Wallace; (4) Hernandez chambered a round; (5) Hernandez pointed the gun at Wallace; (6) Hernandez fled the dope house after shooting Wallace and fled to Mexico; (7) Hernandez told Zamarripa that he shot Wallace; and (8) Hernandez asked Imad Bechara not to testify and threatened to harm Zamarripa

---

1. No one saw the fatal shot fired.

if he testified. Therefore, sufficient evidence existed for a rational jury to find beyond a reasonable doubt that Hernandez murdered Wallace. We overrule point of error one.

In point of error two, Hernandez asserts the trial court erred by refusing to submit a charge to the jury on the lesser included offenses of involuntary manslaughter and criminally negligent homicide.[2] To determine whether a charge on a lesser included offense is required, we apply the two-prong test enunciated in *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. [Panel Op.] 1981) (op. on reh'g), and clarified in *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Crim. App.), *cert. denied*, —— U.S. ——, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993):

> [F]irst, the lesser included offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense.

*Robertson v. State*, 871 S.W.2d 701, 706 (Tex. Crim.App.1993) (quoting *Rousseau*, 855 S.W.2d at 673 (emphasis omitted)), *cert. denied*, —— U.S. ——, 115 S.Ct. 155, 130 L.Ed.2d 94 (1994).

■ Article 37.09 of the Texas Code of Criminal Procedure defines a lesser included offense both in terms of the offense charged and the facts of the case. TEX.CODE CRIM. PROC.ANN. art. 37.09 (Vernon 1981). Therefore, our analysis of whether an offense is a lesser included offense of the charged offense must be made on a case-by-case basis. *Bartholomew v. State*, 871 S.W.2d 210, 212 (Tex. Crim.App.1994); *Day v. State*, 532 S.W.2d 302, 315–16 (Tex.Crim.App.1976) (op. on reh'g). It does not matter whether the charged offense can be established on some theory that does not contain the lesser offense; the issue is whether proof of the charged offense in *this* case actually included proof of the lesser included offense. *Brous-*

*sard v. State*, 642 S.W.2d 171, 173 (Tex.Crim. App.1982).

■ Under the second prong of the test, a defendant is entitled to a charge on the lesser included offense, upon his request for the charge or objection to its omission, if there is some evidence that would permit a jury rationally to find the defendant, if guilty, is guilty only of the lesser offense. *Rousseau*, 855 S.W.2d at 673; *Hunter v. State*, 647 S.W.2d 657, 658 (Tex.Crim.App.1983); *see also* TEX.CODE CRIM.PROC.ANN. art. 37.08 (Vernon 1981). If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference regarding the aggravating element, the jury should be charged on the lesser included offense. *Robertson*, 871 S.W.2d at 706; *Saunders v. State*, 840 S.W.2d 390, 391–92 (Tex.Crim.App.1992). Regardless of the strength or weakness of the evidence or whether it is contradicted, if there is any evidence that would permit a rational jury to find that, if appellant is guilty, he is guilty only of the lesser included offense, the court should charge the jury on the lesser offense. *Robertson*, 871 S.W.2d at 706; *Saunders*, 840 S.W.2d at 391.

Because involuntary manslaughter and criminally negligent homicide are included within the proof necessary to establish murder, Hernandez met step one. For step two, a charge on the lesser included offense of involuntary manslaughter would have been required only if some evidence existed that would permit a rational juror to find that Hernandez recklessly, but not intentionally, caused the death of Wallace.[3] *Adanandus v. State*, 866 S.W.2d 210, 232 (Tex.Crim.App. 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1338, 127 L.Ed.2d 686 (1993). Furthermore, for Hernandez to be entitled to a charge of criminally negligent homicide, some evidence needed to exist that would permit a rational juror to find that Hernandez negligently, but

---

2. The court submitted charges to the jury on voluntary manslaughter and murder.

3. A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. TEX. PENAL CODE ANN. § 6.03(c) (Vernon 1994).

not intentionally, shot Wallace.[4]  *See Robertson*, 871 S.W.2d at 706.

Here, the evidence does not support a charge of involuntary manslaughter or criminally negligent homicide.  In fact, Hernandez's only basis for claiming involuntary manslaughter and criminally negligent homicide is that Rebecca Conway, a witness, testified that immediately before the shot, Wallace and Hernandez were shoving each other, a shot was fired, and Hernandez held the gun pointed upwards after the shot.  She, however, did not see Hernandez shoot Wallace.  Furthermore, neither her testimony nor any other evidence showed that Hernandez was unaware of the risk of loading a bullet in the chamber of the gun and pointing the gun at Wallace while threatening to shoot him.  In fact, the evidence showed that: (1) during an argument Hernandez asked for his gun; (2) Hernandez told Wallace he would shoot him if Wallace did not leave; (3) Hernandez chambered a round; (4) Hernandez pointed the gun at Wallace; (5) Hernandez shot Wallace; and (6) Hernandez fled the scene and the country to avoid apprehension.  Based on these facts, no jury could rationally find that if Hernandez was guilty, he was guilty only of the lesser included offenses of either involuntary manslaughter or criminal negligence.  Therefore, we overrule point of error two.

In point of error three, Hernandez claims the trial court erred by allowing reputation testimony in the punishment phase of the trial by police officers who were not aware of Wallace's reputation prior to the shooting.  Hernandez's attorney, however, only objected to the testimony of the officers on the basis that no proper predicate had been laid.  An objection that the State failed to lay a proper predicate is too general to preserve error.  *See generally Bird v. State*, 692 S.W.2d 65, 69 (Tex.Crim.App.1985), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986); *Smith v. State*, 683 S.W.2d 393, 404 (Tex.Crim.App.1984); *Outland v. State*, 810 S.W.2d 474, 475 (Tex. App.—Fort Worth 1991, pet. ref'd); *Hendley v. State*, 783 S.W.2d 750, 753 (Tex.App.— Houston [1st Dist.] 1990, no pet.).  Therefore, we overrule point of error three.

We affirm the trial court's judgment.

---

4.  A person acts with criminal negligence ... when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur.  The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.
Tex. Penal Code Ann § 6.03(d) (Vernon 1994).