COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-03-441-CR
  
  
PEDERIEN JAVIS HOPKINS                                                     APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Pederien Javis Hopkins of the offense of delivery of 
between four and 200 grams of cocaine, and the trial court sentenced him to 
twenty-five years’ confinement. In one issue, Appellant complains that the 
trial court erred in admitting an audiotape because the State failed to lay the 
proper predicate for its admission.  We will affirm.
        Because 
the parties are familiar with the facts and the law is well settled, we will 
only discuss the facts pertinent to Appellant’s issue.  During 
Appellant’s trial, the State offered State’s Exhibit One, which is an 
audiotape recording of a drug transaction between Appellant and an undercover 
officer.  Appellant objected on the basis of hearsay and bolstering, and 
the court overruled Appellant’s objection and ruled that the tape was 
admitted.  Before the State played the tape to the jury, however, the court 
conducted a brief hearing outside the presence of the jury.  During the 
hearing, Appellant objected again to the admission of the tape on the basis that 
the “proper predicate ha[d] [not] been laid to prove up this actual tape 
admitted into evidence at this point, chain of custody, and some other 
issues,” as well as relevance.  The trial court stated, “Of course you 
didn’t make those objections a few minutes ago,” and Appellant’s counsel 
responded, “No.”  At the conclusion of the hearing, the trial court 
announced that it had overruled the “objection [sic]” and would permit the 
tape to be played in full to the jury; the jury returned the courtroom; and the 
State played the audiotape to the jury.
        Appellant’s 
sole complaint on appeal is that the tape was admitted without the proper 
predicate being laid.  The State argues that Appellant waived this issue 
with an untimely, multifarious objection at trial.  We agree with the State 
that Appellant waived his appellate complaint, albeit on a different ground.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion.  Tex. R. App. 
P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. 
App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999).  An 
objection to admission of evidence must be reasonably specific so as to advise 
the trial court of its legal basis.  Fluellen v. State, 104 S.W.3d 
152, 166-67 (Tex. App.—Texarkana 2003, no pet.).  An objection based on 
improper predicate requires trial counsel to inform the trial court exactly how 
the predicate is deficient.  Bird v. State, 692 S.W.2d 65, 70 (Tex. 
Crim. App. 1985), cert. denied, 475 U.S. 1031 (1986); Smith v. State, 
683 S.W.2d 393, 404 (Tex. Crim. App. 1984); Fluellen, 104 S.W.3d at 
166-67; Hernandez v. State, 895 S.W.2d 508, 512 (Tex. App.—Fort Worth 
1995, pet. ref’d). A generic “improper predicate” objection, without more, 
is not specific enough to advise the trial court of what is lacking.  See 
Waddell v. State, 873 S.W.2d 130, 131 (Tex. App.—Beaumont 1994, pet. 
ref’d).
        We 
conclude that any error in the trial court’s admission of the audiotape on the 
basis that the State failed to lay a proper predicate was waived by trial 
counsel’s failure to make a more specific objection.  See Bird, 
692 S.W.2d at 70; Smith, 683 S.W.2d at 404; Fluellen, 104 S.W.3d 
at 166-67; Hernandez, 895 S.W.2d at 512.  Accordingly, we overrule 
Appellant’s sole issue and affirm the trial court’s judgment.
 
 
                                                          PER 
CURIAM
  
  
PANEL F:   GARDNER, 
LIVINGSTON, and DAUPHINOT, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: July 8, 2004


NOTES
1.  See Tex. R. App. P. 47.4.