HOPKINS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-441-CR

PEDERIEN JAVIS HOPKINS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Pederien Javis Hopkins of the offense of delivery of between four and 200 grams of cocaine, and the trial court sentenced him to twenty-five years’ confinement.  In one issue, Appellant complains that the trial court erred in admitting an audiotape because the State failed to lay the proper predicate for its admission.  We will affirm.

Because the parties are familiar with the facts and the law is well settled, we will only discuss the facts pertinent to Appellant’s issue.  During Appellant’s trial, the State offered State’s Exhibit One, which is an audiotape recording of a drug transaction between Appellant and an undercover officer.  Appellant objected on the basis of hearsay and bolstering, and the court overruled Appellant’s objection and ruled that the tape was admitted.  Before the State played the tape to the jury, however, the court conducted a brief hearing outside the presence of the jury.  During the hearing, Appellant objected again to the admission of the tape on the basis that the “proper predicate ha[d] [not] been laid to prove up this actual tape admitted into evidence at this point, chain of custody, and some other issues,” as well as relevance.  The trial court stated, “Of course you didn’t make those objections a few minutes ago,” and Appellant’s counsel responded, “No.”  At the conclusion of the hearing, the trial court announced that it had overruled the “objection [sic]” and would permit the tape to be played in full to the jury; the jury returned the courtroom; and the State played the audiotape to the jury. 

Appellant’s sole complaint on appeal is that the tape was admitted without the proper predicate being laid.  The State argues that Appellant waived this issue with an untimely, multifarious objection at trial.  We agree with the State that Appellant waived his appellate complaint, albeit on a different ground.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  An objection to admission of evidence must be reasonably specific so as to advise the trial court of its legal basis.  
Fluellen v. State
, 104 S.W.3d 152, 166-67 (Tex. App.—Texarkana 2003, no pet.).  An objection based on improper predicate requires trial counsel to inform the trial court exactly how the predicate is deficient.  
Bird v. State
, 692 S.W.2d 65, 70 (Tex. Crim. App. 1985), 
cert. denied
, 475 U.S. 1031 (1986); 
Smith v. State
, 683 S.W.2d 393, 404 (Tex. Crim. App. 1984)
; 
Fluellen
, 104 S.W.3d at 166-67; 
Hernandez v. State
, 895 S.W.2d 508, 512 (Tex. App.—Fort Worth 1995, pet. ref’d).  A generic “improper predicate” objection, without more, is not specific enough to advise the trial court of what is lacking.  
See Waddell v. State
, 873 S.W.2d 130, 131 (Tex. App.—Beaumont 1994, pet. ref’d).

We conclude that any error in the trial court’s admission of the audiotape on the basis that the State failed to lay a proper predicate was waived by trial counsel’s failure to make a more specific objection.  
See
 
Bird
, 692 S.W.2d at 70; 
Smith
, 683 S.W.2d at 404; 
Fluellen
, 104 S.W.3d at 166-67; 
Hernandez
, 895 S.W.2d at 512.  Accordingly, we overrule Appellant’s sole issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  July 8, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.