NO. 07-04-0070-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 3, 2004

______________________________

JAMES RICHARD RICHIE, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 320
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 47,724-D; HON. DON EMERSON, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Appellant James Richard Richie appeals his conviction for murder in two issues.  Both involve the jury charge.  Through the first, he contends that the trial court erred in the way it defined the 
mens rea
 applicable to murder.  That is, the abstract definition submitted to the jury referred to the defendant’s acting intentionally or knowingly with regard to both  his conduct and its result.  This was purportedly wrong
.  Through the second issue, appellant questions the accuracy of the jury instruction encompassing manslaughter.  That crime involves one recklessly causing the death of another.  And, since one may be reckless with respect to either the circumstances surrounding his conduct or the result of his conduct, the trial court was obligated to include within its instruction reference to the accused’s mind set 
viz
 both of those alternatives, according to appellant.  By failing to do so here, it purportedly erred.  We affirm the judgment. 

Issue One - Charge on Murder
   

One commits murder by intentionally and knowingly causing the death of an individual.  
Tex. Pen. Code Ann. 
§19.02(b)(1) (Vernon 2003).  Being so defined, murder is known as 
a “result of conduct offense.”  
Schroeder v. State, 
123 S.W.3d 398, 400 (Tex. Crim. App. 2003); 
Medina v. State, 
7 S.W.3d 633, 639 (Tex. Crim. App. 1999), 
cert. denied, 
529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000); 
Cook v. State, 
884 S.W.2d 485, 491 (Tex. Crim. App. 1994).  That is, the statute requires the accused to have had a particular mind set (
i.e.
 either intentional or knowing) 
viz
 the prohibited result.  Given this, it is error to inform the jury that it can convict one of the offense if it finds that the accused acted either intentionally or knowingly with regard to the conduct that ultimately lead to the result.  
Medina v. State, 
7 S.W.3d at 639-40.  And, the State concedes as much here.

So too does the State concede that the abstract definitions of “intentionally” and “knowingly” provided by the trial court in the charge at bar included references to the mind set of the accused in both undertaking the conduct that resulted in death and in causing the death itself.  Yet, appellant did not object to the mistake.  Furthermore, in the application paragraph of the charge (wherein the elements of murder were applied to the particular accusation against appellant), the trial court simply alluded to appellant’s 
mens rea
 when purportedly causing the death of Kathy Snelson.
(footnote: 1)  In such situations, the Texas Court of Criminal Appeals has held the error does not warrant reversal.  
See
 
Medina v. State, 
7 S.W.3d at 640 (holding that
 
when the application paragraph correctly instructs the jury on the correct 
mens rea
 and the accused did not object to the mistake contained in the abstract definitional paragraph, then the error is not egregious or subject to reversal).  Consequently, we overrule the first issue.

Issue Two – Charge on Recklessness

As previously mentioned, one commits manslaughter if he recklessly causes the death of an individual.  
Tex. Pen. Code Ann.
 §19.04(a) (Vernon 2003).  As can be seen, the 
mens rea
 involved is one of recklessness.  And, while, according to the statutory definition of reckless, one may be reckless regarding the circumstances surrounding his conduct or the result of his conduct,
 id.
 §6.03(c), the crime defined in §19.04(a) simply encompasses recklessness 
viz
 the result of the accused’s conduct.  In other words, the legislature, in defining manslaughter, was not concerned with whether the accused was aware of the circumstances surrounding his conduct but rather with whether his conduct resulted in death.  So, a trial court, when charging the jury on manslaughter, is not obligated to instruct the jury on both ways in which one can be reckless.  
Brown v. State
, 91 S.W.3d 353, 359-60 (Tex. App.–Eastland 2002, no pet.). 

That article 21.15 of the Texas Code of Criminal Procedure directs the State to plead the acts comprising the reckless conduct does not affect our decision.  
See 
Tex. Code Crim. Proc. Ann. 
art.
 21.15 (Vernon 1989) (stating that when 
recklessness enters into or is a part or element of any offense, or it is charged that the accused acted recklessly in committing an offense, “the complaint, information, or indictment . . . must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness . . . and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly . . . .”).  It is one thing for the statute to obligate the State to plead various acts; it is another to require the State to plead that someone performed those acts with a particular mind set.  Article 21.15, as illustrated by its plain language, mandates the former, not the latter.  And, we choose to read it as written by the Texas Legislature and forego imputing into it elements that are absent.  Consequently, we also overrule issue two.

The judgment of the trial court is affirmed.

Brian Quinn

      Justice

Publish.

       

FOOTNOTES
1:
The application paragraph read:

Now, if you find from the evidence beyond a reasonable doubt that on or about June 19, 2003 in Potter County, Texas, the Defendant, . . . did then and there 
intentionally and knowingly cause the death
 of an individual, namely KATHY SUE SNELSON, by cutting her with a deadly weapon, to wit: a knife that in the manner of its use or intended use was capable of causing death or serious bodily injury, you will find the defendant guilty of murder.

(Emphasis added).