NO. 07-04-00483-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 9, 2005

______________________________

NATHAN RIOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 140
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-404,583; HONORABLE JIM BOB DARNELL, JUDGE

_______________________________

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant, Nathan Rios, appeals his conviction for attempted capital murder and sentence of 75 years confinement.  We affirm.

On December 6, 2003, Jomando Rubio and his common law wife, Melody Magallan, were heading home after taking their children to a birthday party.  Upon nearing their home, Rubio noticed a vehicle coming up quickly behind them.  When the pickup truck pulled alongside them, Magallan yelled that the man had a gun.  Rubio sped up and a chase ensued.  At various times during the chase, the passenger in the truck fired shots from a handgun at the vehicle being driven by Rubio.  Neither Rubio nor Magallan knew the person shooting at them.  During the incident, Magallan was shot in the head.  Rubio was ultimately able to escape to his father’s apartment.  

Appellant presents three issues for our consideration.  Issues one and two allege error in the court’s charge and issue three contests the factual sufficiency of the evidence. 

Appellant contends that the trial court committed reversible error because its charge to the jury, during the guilt/innocence phase of the trial, failed to properly define intentionally and knowingly.  Specifically, appellant contends that the definition of intentionally was erroneous because it was not limited to the result of appellant’s conduct.  Additionally, appellant urges that the definition of knowingly, or with knowledge, was erroneous because it failed to define the term by reference to the result of appellant’s conduct.

Attempted capital murder, as alleged in the indictment, is a “result of conduct” offense.  
Turner v. State
, 805 S.W.2d 423, 430 (Tex.Crim.App. 1991).  A “result of conduct” offense means that the accused had to have a particular mind set (i.e., intentional or knowing) to cause the prohibited result.  
Richie v. State
, 149 S.W.3d 856, 857 (Tex.App.–Amarillo 2004, no pet.).  Accordingly, a trial court must instruct the jury as to the appropriate 
mens rea
, i.e., the result of appellant’s conduct, in an attempted capital murder charge.  
Hughes v. State
, 897 S.W.2d 285, 295 (Tex.Crim.App. 1994).

  Appellant contends, and the State agrees, that the charge, as presented, contained a definition for intentional that included both nature of conduct and result of conduct elements.  Further, both the appellant and the State agree that the abstract definition of knowingly, or with knowledge, in the charge did not contain the required result of conduct language.  Likewise, both appellant and the State agree that trial counsel did not object to the charge before it was read to the jury.  

Because the alleged jury charge error is raised for the first time on appeal, to reverse the judgment, any error must have resulted in egregious harm to appellant.  
Medina v. State
, 7 S.W.3d 633, 639 (Tex.Crim.App. 1999). 
 However, when the application paragraph, where the elements of the offense are applied to the particular accusation against the appellant, correctly instructs the jury regarding the result of conduct 
mens rea,
 an error contained in the abstract definitional paragraph is not egregious.  
 
Id.
 at 640.
(footnote: 1)  Having found no egregious harm, appellant’s first two issues are overruled.  

Appellant next contends that the evidence is factually insufficient to prove beyond a reasonable doubt that appellant intended to cause the deaths of more than one person.  When an appellant challenges the factual sufficiency of his conviction, the reviewing court must ultimately determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding defendant guilty beyond a reasonable doubt.  
See
 
Zuniga v. State
, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004).  There are two ways in which the evidence may be factually insufficient.  First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. 
Id
.  Second, considering all of the evidence, both for and against the verdict, the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could not have been met.  
Id
. at 484-85.  While we review the evidence in a neutral light, we must give appropriate deference to the jury’s evaluation of the evidence, resolution of any inconsistencies, and determination of the evidence’s weight and value.  
Johnson v. State
, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000).   We are not allowed to substitute our judgment for that of the jury unless the verdict is clearly wrong and manifestly unjust.  
Zuniga
, 144 S.W.3d at 481-82. 

A neutral review of the record reveals that appellant had multiple opportunities to see the occupants in Rubio’s vehicle.  Rubio testified that appellant’s vehicle pulled up next to Rubio’s side of the car and he made eye contact with appellant as appellant pointed a handgun at Rubio’s vehicle.  Magallan testified that, at one point, appellant was pointing the gun directly at her.  Additionally, appellant’s vehicle pulled ahead of Rubio’s vehicle and appellant, while leaning out of the passenger’s window, fired back at Rubio’s vehicle through the front windshield.  After Rubio escaped and while trying to get his wife into his father’s apartment, appellant arrived.   Appellant pointed the handgun at Rubio and Magallan and pulled the trigger, but the gun did not fire.  Appellant then grinned at them and left.  Further, the jury was shown pictures of Rubio’s vehicle that demonstrated how appellant would have been able to see into the vehicle.  After hearing the evidence, the jury found against the appellant.  After reviewing all of the evidence in a neutral light, we cannot say that the verdict of the jury was not rationally justified.  
Id
. at 484.

As we affirm the judgment of the trial court, we will address appellant’s argument that the evidence was factually insufficient to support the verdict and explain why we do not find his argument persuasive.  
See
 
Sims v. State
, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).  Appellant contends that his intent on the night in question was to find someone named “Randy,” who had allegedly choked his younger brother, and punish him for his transgression.  According to appellant’s theory, since his intent was to harm one person, the evidence cannot support his conviction of attempting to cause the death of two different individuals.  While it is shown in the record that appellant may have initially thought he was chasing and shooting at one person, a review of the record, as detailed above, demonstrates that appellant had several occasions to view the occupants of the vehicle and, thus, it is rational to conclude that appellant was aware that there were two people in the car.  The evidence, when viewed in a neutral light, supports the jury’s implied finding that appellant intended to cause the death of two people. Thus, we conclude that the evidence was factually sufficient.  Appellant’s third issue is overruled.

Because we have overruled appellant’s issues, the judgment of the trial court is affirmed.

Mackey K. Hancock

                  Justice

Do not publish.   

FOOTNOTES
1:
1 
It is also noted that paragraph 6 of the charge, the elements paragraph, included the correct result of the conduct language in discussing the required
 mens rea.