NO. 07-04-0236-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 27, 2006

_____

RUBEN RUIZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3334; HON. RON ENNS, PRESIDING

_____

Before QUINN, C.J., REAVIS, J., and BOYD, S.J.[1]

Appellant Ruben Ruiz challenges his conviction of murder. In one issue, he contends the trial court erred in denying his request for an instruction to the jury on the lesser-included offense of manslaughter. We affirm the judgment of the trial court.

On February 16, 2003, the victim, Tammy Rene Benson, was at the El Rincon bar in Cactus, Texas. She spoke to appellant with whom she had previously had a relationship. Appellant, who was at the bar with his new girlfriend, Veronica Ontiveros, told

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

Benson that if she left the bar with another man, he would kill her. Benson left the bar alone around closing at the same time as appellant and Ontiveros. Appellant had a gun, which he shot at Benson as she left the parking lot and proceeded to a stop sign, where she got out of her vehicle and spoke to appellant. He wanted her to meet him at a certain residence and she agreed. Appellant then followed Benson while driving dangerously and erratically behind her. When they arrived at the designated residence, Ontiveros grabbed the gun and ran from appellant. He followed her and took the gun from her. Appellant then confronted Benson and shot her in the chest. She died from her injuries.

Appellant objected to the court's charge because it did not include an instruction on the lesser-included offense of manslaughter. The court overruled that objection, and it is that ruling which appellant complains of on appeal. A defendant is entitled to a charge on a lesser- included offense if 1) the lesser-included offense is included within the proof necessary to establish the offense charged, and 2) some evidence exists in the record that if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State,* 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). The State concedes that manslaughter is a lesser-included offense of murder. Therefore, we need to determine if there is some evidence in the record that appellant is guilty only of the lesser offense. In doing so, we must consider all the evidence introduced at trial, whether by the State or appellant. *Penry v. State,* 903 S.W.2d 715, 755 (Tex. Crim. App. 1995). Also, we may not consider the credibility of the evidence and whether or not it conflicts with other evidence in determining whether an instruction should be given. *Id.* It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence germane

2

to the lesser-included offense for the factfinder to consider. *Skinner v. State,* 956 S.W.2d 532, 543 (Tex. Crim. App. 1997). Anything more than a scintilla of evidence is sufficient to entitle a defendant to an instruction on a lesser-included offense. *King v. State,* 17 S.W.3d 7, 21 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd). Nevertheless, the entire record must be examined, rather than extracting certain evidence and examining it in a vacuum. *Enriquez v. State,* 21 S.W.3d 277, 278 (Tex. Crim. App. 2000).

The difference between murder and manslaughter is one of *mens rea.* To convict of murder, a jury has to find that the defendant intentionally or knowingly caused the death of an individual. Tex. Pen. Code Ann. §19.02(b)(1) (Vernon 2003); *Richie v. State,* 149 S.W.3d 856, 857 (Tex. App.--Amarillo 2004, no pet.). The *mens rea* involved in manslaughter is one of recklessness. Tex. Pen. Code Ann. §19.04(a) (Vernon 2003); *Richie v. State,* 149 S.W.3d at 857-58. A person acts recklessly when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. Tex. Pen. Code Ann. §6.03(c) (Vernon 2003); *Schroeder v. State,* 123 S.W.3d 398, 401 (Tex. Crim. App. 2003). As evidence of manslaughter, appellant relies on the testimony of Ontiveros that appellant and Benson were struggling for the gun at the time Benson was shot, Ontiveros believed the shooting to be accidental, appellant stated he did not mean to shoot Benson, and after the shooting, appellant put the gun to his own head.

However, Ontiveros was not allowed to answer the question as to whether she believed the shooting to be accidental, although she did testify that she gave a statement to police that appellant said it was an accident. A statement that the defendant did not

3

intend to kill the victim cannot be plucked out and examined without the context of the entire record. *Godsey v. State,* 719 S.W.2d 578, 584 (Tex. Crim. App. 1986); *Martinez v. State,* 16 S.W.3d 845, 847 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd). Although Ontiveros averred that Benson put her hands over appellant's hands just prior to the shooting, there was also evidence that 1) appellant had threatened to kill Benson that night, 2) he had previously shot at her that night, 3) he pursued her in his vehicle while driving close to her bumper "like a maniac," 4) Ontiveros took the gun from appellant because she was concerned that he would shoot Benson, 5) he retrieved his gun from Ontiveros prior to confronting Benson and shooting her, 6) while he may have pointed the gun at his own head at one point, he did not stay to assist Benson, and 7) the gun required more than an average amount of force in the trigger mechanism to fire it. Additionally, Ontiveros was standing behind appellant and did not see the actual shooting. This evidence does not permit a rational trier of fact to find that appellant was acting only recklessly. *See Hernandez v. State,* 895 S.W.2d 508, 512 (Tex. App.--Fort Worth 1995, pet. ref'd) (an instruction on involuntary manslaughter was not required when the only evidence of it was the testimony of a witness who did not see the actual shooting that immediately before the shot, the defendant and the victim were shoving each other).

Because we find no error on the part of the trial court, the judgment must be and hereby is affirmed.

John T. Boyd
Senior Justice

Do not publish.

4