Dante BARRERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–94–00351–CR.

Court of Appeals of Texas,
El Paso.

Jan. 4, 1996.

Rehearing Overruled Jan. 31, 1996.

Joe A. Spencer, Jr., El Paso, for Appellant.

Jaime E. Esparza, District Attorney, El Paso, for State.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

LARSEN, Justice.

Following a jury trial, appellant Dante Barrera was convicted of murder and sentenced to seventy-five years confinement. In a single point of error, Barrera contends that the trial court erred in failing to charge the jury on the lesser included offense of involuntary manslaughter. We affirm.

### FACTS

According to Barrera's confession, which was admitted into evidence during trial, the horrific facts of this case are as follows. Barrera and three friends had a gang called "Los del Chuco." The gang decided to initiate the victim, Jesus Alvidrez, as a new member because Alvidrez was old enough to buy beer. Alvidrez was a co-worker of one of the members.

On August 6, 1993, Barrera, Alvidrez, and the others spent the evening together drinking beer and driving Barrera's car to differ-

ent locations around El Paso. Alvidrez took a turn driving the car and drove recklessly by running red lights, speeding, and driving on the wrong side of the road. Barrera became angry, ordered Alvidrez out of the car, and drove away. After some discussion, the gang decided to go back and beat up Alvidrez. Before returning to Alvidrez, they collected a "baston" (described as a two-part car anti-theft device which runs from the brake pedal to the steering column), a gardening tool, and a screwdriver. They then picked up Alvidrez and drove to Concordia Cemetery. At a signal from Barrera, the four gang members began beating Alvidrez with the implements and forty ounce beer bottles. Barrera hit Alvidrez about the head with one part of the car device. Alvidrez attempted to get away by crawling under the car. Barrera then got in and started the car, put it in reverse, and accelerated over Alvidrez with the rear driver's side tire. He then put the car in forward gear and drove over Alvidrez a second time.

One of the gang then yelled "crazy time" which signals the members to "really go crazy." In a frenzy, the group beat Alvidrez, taking turns with the different implements, rocks, and bottles. The gang then drove off and came back and Barrera ran over Alvidrez a third and fourth time. After running over him the fourth time, the group exited the car and recommenced beating Alvidrez with large rocks, beer bottles, and the implements. Again someone yelled "crazy time" and the group "all went at [Alvidrez] again." They then left, and although they wanted to go swimming, they went home instead.

### No Showing of Facts Establishing Recklessness Only

■ To determine whether a jury must be charged on a lesser included offense, the Court applies a two-part test. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex.Crim.App.), *cert. denied*, — U.S. —, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). First, the lesser includ-

ed offense must be included within the proof necessary to establish the offense charged. *Rousseau*, 855 S.W.2d at 672. Second, there must be some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Id.* The credibility of the evidence and whether it conflicts with other evidence or is controverted may not be considered in determining whether an instruction on a lesser included offense should be given. *Banda v. State*, 890 S.W.2d 42, 60 (Tex.Crim.App.1994), *cert. denied*, — U.S. ——, 115 S.Ct. 2253, 132 L.Ed.2d 260 (1995).

■ Involuntary manslaughter is a lesser included offense of murder. *Tompkins v. State*, 774 S.W.2d 195, 211 (Tex.Crim.App. 1987), *aff'd*, 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989). A person commits involuntary manslaughter by recklessly causing the death of another. Tex.Penal Code Ann. § 19.05(a)(1).[1] A charge on the lesser offense of involuntary manslaughter would have been required here only if some evidence existed that would permit rational jurors to find that Barrera recklessly, but not intentionally, caused the death of Alvidrez. *Adanandus v. State*, 866 S.W.2d 210, 232 (Tex.Crim.App.1993), *cert. denied*, — U.S. ——, 114 S.Ct. 1338, 127 L.Ed.2d 686 (1994); *Hernandez v. State*, 895 S.W.2d 508, 511 (Tex.App.—Fort Worth 1995, pet. ref'd). A person acts recklessly when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. Tex.Penal Code Ann. § 6.03(c) (Vernon 1994).

■ There is no evidence in the record from which a rational jury could infer that Barrera's actions were merely reckless and not intentional. Barrera relies on the statement in his written confession that he thought Alvidrez had been pulled out from beneath the car before he put the car in gear and ran over Alvidrez the first time.[2] Bar-

---

1. Amended by Acts 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3614, current version found at Tex.Penal Code Ann. § 19.04 (Vernon 1994).

2. Barrera's confession stated in pertinent part: "We all began to beak [sic] Chuy [the victim] while he was on the ground.

  Chuy was trying to get under neath [sic] my car to get away, and Tony (Goofy) was pulling him by the legs. Farid and Andres were beating

rera argues that this statement entitled him to an instruction on involuntary manslaughter because it refutes that he intended to kill Alvidrez at that time. This isolated statement does not raise the issue of recklessness, however, because if Barrera believed that Alvidrez was not under the car at the time Barrera accelerated, then Barrera could not be aware of and consciously disregard the risk of running over Alvidrez. Therefore, Barrera's statement that he believed Alvidrez was not under the car is not evidence from which a jury rationally could infer that Barrera was guilty only of consciously disregarding a substantial and unjustifiable risk of causing Alvidrez's death by running him over. Accordingly, there is no evidence in the record from which a rational jury could infer that Barrera's actions were merely reckless and were not intentional.[3]

We therefore cannot agree that the statement was sufficient evidence upon which a jury rationally could find appellant guilty only of involuntary manslaughter and not the greater offense of murder. *See Rousseau,* 855 S.W.2d at 673; *Burnett v. State,* 865 S.W.2d 223, 230 (Tex.App.—San Antonio 1993, pet. ref'd); *Jones v. State,* 900 S.W.2d 103 (Tex.App.—Houston [14th Dist.] 1995, no pet. h.). The trial court did not err in refusing to submit the manslaughter charge. Barrera's point of error is overruled.

### CONCLUSION

The judgment of the trial court is affirmed.

---

him. I got into my car, and thought that he had been pulled from underneath it. I was to [sic] told by Andres, and Farid to go, and I reversed the car, and ran over Chuy. I felt it as I ran over him with the back rear tire on drivers side. I then forwarded the car, and ran over him a second time."

3. Moreover, the statement loses its force within the context of the confession as a whole. A defendant's statement that he did not intend to kill cannot be plucked out of the record and examined in a vacuum. *Godsey v. State,* 719 S.W.2d 578, 584 (Tex.Crim.App.1986). Barrera's claim that he did not intend to run over Alvidrez does not fit within the context of the other facts concerning the offense. Barrera stated that he and his friends attacked Alvidrez, beat him to the ground, and continued beating him. When Alvidrez attempted to escape by crawling under the car, Barrera got into the car and accelerated *backward* (some indication that he knew where Alvidrez was in relation to the wheels of the car). Barrera further stated that immediately after he accelerated backward over Alvidrez, he put the car in forward gear and ran him over a second time. Barrera and his friends then recommenced their beating of Alvidrez, after which Barrera ran over Alvidrez a third and a fourth time. The evidence as a whole does not support submission of involuntary manslaughter.