COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





VERNON HAWKINS,


 Appellant,


v.


THE STATE OF TEXAS,



 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 



No. 08-07-00180-CR




Appeal from the



211th District Court



of Denton County, Texas



(TC#F-2006-1415-C)


O P I N I O N

 This is an appeal from a conviction for the offense of aggravated assault enhanced by the
allegation of a prior felony conviction. The jury assessed punishment at sixty-six years'
imprisonment and a fine of $10,000. We affirm.

 The seventeen-year-old complainant testified that on prior occasions, she had sexual
relations with Appellant. This had occurred about four times. On January 20, 2006, she
encountered Appellant at a 7-11 convenience store while she was getting gas. He got inside her
car although he was no invited to do so. He drove the car to a parking space while she paid for
the gas. The complainant told Appellant he could drive the car to where he needed to go, but she
was then going to go home. Appellant drove the vehicle to an extended-stay motel in Lewisville,
Texas in Denton County, and he went into the motel with the complainant's keys. She also went
inside.

 The complainant went into Appellant's bedroom. Appellant told her to perform oral sex
upon another man in the room. She complied stating that she felt pressured to do so. That man
left, and she performed oral sex upon Appellant. Afterwards, Appellant told the complainant to
bend over with her rear facing him. She complied and she felt something go inside her vagina
causing a great deal of pain. Due to force exerted upon her, and because she sought to escape
Appellant, she fell forward into a closet. She then felt a second forceful insertion. The
compliant testified that these painful incidents felt as though her sexual organ was cut with a
knife or Appellant's fingernails. While she testified that she saw a knife beside the bed, she
stated that she never saw Appellant holding a knife.

 When the complainant got home, she felt pain, and she noticed that she bled heavily when
she used the bathroom. She called Appellant and demanded to know what had occurred, but he
said it was nothing and brushed aside the incident. When the complainant's mother arrived
home, she observed that something was wrong and she took her to the hospital. She was treated
at the hospital and released. When the two returned home, the complainant began to experience
worse pain, and she experienced swelling in her vaginal area. She returned to the hospital. She
was admitted and surgery was performed. She stayed at the hospital for ten days.

 Dr. Brad Axline, an obstetrician and gynecologist, treated the complainant when she was
admitted. He first noticed a large hematoma on the left side of her vulva. It was the size of a
softball. Dr. Axline decided to perform surgery to drain the hematoma. He testified that the
complainant required blood transfusions, and absent treatment, she would have risked death. He
had never seen an injury of this type or magnitude before. Dr. Axline testified that the injury was
consistent with someone hitting her hard in her vaginal area with their hand. In no way could the
injury have occurred in the course of ordinary sexual activity.

 In Issue No. One, Appellant contends that the court erred in failing to sustain his
objection to the testimony of a police officer as to whether based on his experience and training,
he believed that Appellant had committed an aggravated assault. Specifically, Appellant asserts
that the testimony is not competent under Texas Rules of Evidence 701 and 702 regarding lay
and expert testimony.

 During the redirect examination of Detective Billy Don Wilson, the following exchange
occurred:

 STATE: Based on your training and experience and what you had
discovered throughout the course of your investigation that night,
do you believe that an aggravated assault had been committed?

 

 DEFENSE: Objection, Your Honor. Invades the province of the jury.


 COURT: Overruled.


 DEFENSE: Objection to speculation, Your Honor.


 COURT: Overruled.


 WITNESS: Yes, I did. 


 STATE: And who did you believe committed that aggravated assault?


 DEFENSE: Objection, Your Honor. Invades the province of the jury and
speculation, Your Honor. 


 COURT: Overruled.


 Initially, we must address the State's contention that Appellant has failed to preserve this
issue for appellate review. Specifically, the State asserts that the objections lodged by Appellant
that the testimony invaded the province of the jury and was speculative failed to comport with the
contentions on appeal that the testimony was improper expert or lay witness opinion testimony. 
We agree.

 To preserve a complaint for our review, a party must have presented to the trial court a
timely request, objection, or motion that states the specific grounds for the desired ruling if they
are not apparent from the context of the request, objection, or motion. Tex.R.App.P. 33.1(a)(1);
Mosley v. State, 983 S.W.2d 249, 265 (Tex.Crim.App. 1998) (op. on reh'g), cert. denied, 526
U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the complaining party must
have objected to the trial court's refusal to rule. Tex.R.App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex.Crim.App. 2004). Additionally, the complaint made on appeal must
comport with the complaint made in the trial court or the error is forfeited. Heidelberg v. State,
144 S.W.3d 535, 537 (Tex.Crim.App. 2004); Bell v. State, 938 S.W.2d 35, 54 (Tex.Crim.App.
1996), cert. denied, 522 U.S. 827, 118 S.Ct. 90, 139 L.Ed.2d 46 (1997); Rezac v. State, 782
S.W.2d 869, 870 (Tex.Crim.App. 1990).

 Appellant cites Woods v. State, 13 S.W.3d 100 (Tex.App.-Texarkana 2000, pet. ref'd), in
support of his assertion that he has preserved his complaints concerning the Detective's
testimony on appeal. In Woods, the Texarkana Court of Appeals held that the objections of
bolstering and invading the province of the jury preserved error on the question of whether the
testimony of three non-eyewitness witnesses who viewed a store videotape of the accused
committing a crime and identified Appellant as the individual in the tape was competent
testimony under Rule 701 of the Texas Rules of Evidence. In this case we have a different
objection. Furthermore, both this Court and the Fort Worth Court of Appeals have held that the
objection of invading the province of the jury does not preserve error in this situation. See Mock
v. State, 848 S.W.2d 215, 225 (Tex.App.-El Paso 1992, pet. ref'd) (invading the province of the
jury is no longer a valid objection); Merito v. State, Nos. 2-06-050-CR, 2-06-051-CR, 2007 WL
289683, at *4 (Tex.App.-Fort Worth Feb. 1, 2007, no pet.) (mem. op., not designated for
publication) (objection of relevance and invading province of jury does not preserve Texas Rules
of Evidence 701 objection). Accordingly, Appellant has failed to preserve error. Issue No. One
is overruled.

 In Issue No. Two, Appellant argues that the court erred in failing to grant Appellant's
request for an instruction on the lesser-included offense of assault in the charge to the jury. 
Appellant objected to the charge in that it failed to include an instruction on the lesser-included
offense of assault, and the court denied the requested instruction.

 Appellant maintains that some evidence exists that if Appellant is guilty, he is guilty only
of the lesser offense of assault. Specifically, he states the evidence shows that on the
complainant's first visit to the hospital, she was treated and released several hours later. On the
second admission, she was admitted and stayed in the hospital for ten days. Appellant asserts
that this indicates she was not seriously injured on the first occasion; therefore, the court should
have instructed the jury on the lesser-included offense of assault.

 To determine whether Appellant was entitled to a charge on the lesser-included offense,
we apply a traditional two-prong test. See Bignall v. State, 887 S.W.2d 21, 23 (Tex.Crim.App.
1994); Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.Crim.App.), cert. denied, 510 U.S. 919,
114 S.Ct. 313, 126 L.Ed.2d 260 (1993); Royster v. State, 622 S.W.2d 442, 446 (Tex.Crim.App.
1981); Bartholomew v. State, 882 S.W.2d 53, 54-55 (Tex.App.-Houston [14th Dist.] 1994, pet.
ref'd); Ramirez v. State, 976 S.W.2d 219, 226-27 (Tex.App.-El Paso 1998, pet. ref'd). First, the
elements of the lesser-included offense must be included within the proof necessary to establish
the offense charged. Bignall, 887 S.W.2d at 23; Ramirez, 976 S.W.2d at 227. Second, some
evidence must exist in the record that would permit a jury rationally to find that, if the defendant
is guilty, he is guilty only of the lesser offense. Ramirez, 976 S.W.2d at 227.

 The credibility of the evidence and whether it conflicts with other evidence or is
controverted may not be considered in making the determination of whether the lesser-included
offense should be given. See Gadsden v. State, 915 S.W.2d 620, 622 (Tex.App.-El Paso 1996,
no pet.); Barrera v. State, 914 S.W.2d 211, 212 (Tex.App.-El Paso 1996, pet. ref'd). Regardless
of its strength or weakness, if any evidence raises the issue that the defendant was guilty of only
the lesser offense, then the charge must be given. Saunders v. State, 840 S.W.2d 390, 391
(Tex.Crim.App. 1992). An accused may be found guilty of only a lesser-included offense if there
is evidence that affirmatively rebuts or negates an element of the greater offense or if the
evidence is subject to different interpretations, one of which rebuts or negates the crucial
element. See Ramirez, 976 S.W.2d at 227.

 It is not, however, sufficient that the jury merely disbelieves crucial evidence pertaining
to the greater offense. See Skinner v. State, 956 S.W.2d 532, 543 (Tex.Crim.App. 1997), cert.
denied, 523 U.S. 1079, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998). There must be some evidence
directly germane to the lesser-included offense for the jury to consider before an instruction on
the lesser-included offense is warranted. See Ramirez, 976 S.W.2d at 227.

 A person commits the offense of assault if the person, among other things, intentionally
or knowingly causes bodily injury to another, including the person's spouse. Tex.Penal Code
Ann. § 22.01(a)(1) (Vernon Supp. 2008). Aggravated assault occurs if the person commits an
assault under Section 22.01 and the person causes serious bodily injury to another, including the
person's spouse. Tex.Penal Code Ann. § 22.02(a)(1) (Vernon Supp. 2008). In this instance,
assault is a lesser-included offense of aggravated assault. See Irving v. State, 176 S.W.3d 842,
845-46 (Tex.Crim.App. 2005).

 With regard to the second prong of the aforementioned test, our review of the record fails
to indicate that the complaint was suffering from a lesser injury at the time of her first admission. 
There is nothing to indicate that the injury was aggravated in the period between her first and
second admission, and it is purely speculative to suggest that such was the case. Issue No. Two
is overruled.

 We affirm the judgment of the trial court.


 DAVID WELLINGTON CHEW, Chief Justice


March 26, 2009


Before Chew, C.J., McClure, and Carr, JJ.

Carr, J., not participating


(Do Not Publish)