COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

VERNON HAWKINS, §

        Appellant, §

v. §

THE STATE OF TEXAS, §

        Appellee. §

§

No. 08-07-00180-CR

Appeal from the

211th District Court

of Denton County, Texas

(TC#F-2006-1415-C)

## O P I N I O N

This is an appeal from a conviction for the offense of aggravated assault enhanced by the allegation of a prior felony conviction. The jury assessed punishment at sixty-six years' imprisonment and a fine of $10,000. We affirm.

The seventeen-year-old complainant testified that on prior occasions, she had sexual relations with Appellant. This had occurred about four times. On January 20, 2006, she encountered Appellant at a 7-11 convenience store while she was getting gas. He got inside her car although he was no invited to do so. He drove the car to a parking space while she paid for the gas. The complainant told Appellant he could drive the car to where he needed to go, but she was then going to go home. Appellant drove the vehicle to an extended-stay motel in Lewisville, Texas in Denton County, and he went into the motel with the complainant's keys. She also went inside.

The complainant went into Appellant's bedroom. Appellant told her to perform oral sex upon another man in the room. She complied stating that she felt pressured to do so. That man left, and she performed oral sex upon Appellant. Afterwards, Appellant told the complainant to

bend over with her rear facing him.  She complied and she felt something go inside her vagina causing a great deal of pain.  Due to force exerted upon her, and because she sought to escape Appellant, she fell forward into a closet.  She then felt a second forceful insertion.  The compliant testified that these painful incidents felt as though her sexual organ was cut with a knife or Appellant's fingernails.  While she testified that she saw a knife beside the bed, she stated that she never saw Appellant holding a knife.

When the complainant got home, she felt pain, and she noticed that she bled heavily when she used the bathroom.  She called Appellant and demanded to know what had occurred, but he said it was nothing and brushed aside the incident.  When the complainant's mother arrived home, she observed that something was wrong and she took her to the hospital.  She was treated at the hospital and released.  When the two returned home, the complainant began to experience worse pain, and she experienced swelling in her vaginal area.  She returned to the hospital.  She was admitted and surgery was performed.  She stayed at the hospital for ten days.

Dr. Brad Axline, an obstetrician and gynecologist, treated the complainant when she was admitted.  He first noticed a large hematoma on the left side of her vulva.  It was the size of a softball.  Dr. Axline decided to perform surgery to drain the hematoma.  He testified that the complainant required blood transfusions, and absent treatment, she would have risked death.  He had never seen an injury of this type or magnitude before.  Dr. Axline testified that the injury was consistent with someone hitting her hard in her vaginal area with their hand.  In no way could the injury have occurred in the course of ordinary sexual activity.

In Issue No. One, Appellant contends that the court erred in failing to sustain his objection to the testimony of a police officer as to whether based on his experience and training,

he believed that Appellant had committed an aggravated assault. Specifically, Appellant asserts that the testimony is not competent under Texas Rules of Evidence 701 and 702 regarding lay and expert testimony.

During the redirect examination of Detective Billy Don Wilson, the following exchange occurred:

STATE: Based on your training and experience and what you had discovered throughout the course of your investigation that night, do you believe that an aggravated assault had been committed?

DEFENSE: Objection, Your Honor. Invades the province of the jury.

COURT: Overruled.

DEFENSE: Objection to speculation, Your Honor.

COURT: Overruled.

WITNESS: Yes, I did.

STATE: And who did you believe committed that aggravated assault?

DEFENSE: Objection, Your Honor. Invades the province of the jury and speculation, Your Honor.

COURT: Overruled.

Initially, we must address the State's contention that Appellant has failed to preserve this issue for appellate review. Specifically, the State asserts that the objections lodged by Appellant that the testimony invaded the province of the jury and was speculative failed to comport with the contentions on appeal that the testimony was improper expert or lay witness opinion testimony. We agree.

To preserve a complaint for our review, a party must have presented to the trial court a

3

timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX.R.APP.P. 33.1(a)(1); *Mosley v. State,* 983 S.W.2d 249, 265 (Tex.Crim.App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX.R.APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex.Crim.App. 2004). Additionally, the complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited. *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex.Crim.App. 2004); *Bell v. State*, 938 S.W.2d 35, 54 (Tex.Crim.App. 1996), *cert. denied*, 522 U.S. 827, 118 S.Ct. 90, 139 L.Ed.2d 46 (1997); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App. 1990).

Appellant cites *Woods v. State,* 13 S.W.3d 100 (Tex.App.–Texarkana 2000, pet. ref'd), in support of his assertion that he has preserved his complaints concerning the Detective's testimony on appeal. In *Woods,* the Texarkana Court of Appeals held that the objections of bolstering and invading the province of the jury preserved error on the question of whether the testimony of three non-eyewitness witnesses who viewed a store videotape of the accused committing a crime and identified Appellant as the individual in the tape was competent testimony under Rule 701 of the Texas Rules of Evidence. In this case we have a different objection. Furthermore, both this Court and the Fort Worth Court of Appeals have held that the objection of invading the province of the jury does not preserve error in this situation. *See Mock v. State,* 848 S.W.2d 215, 225 (Tex.App.–El Paso 1992, pet. ref'd) (invading the province of the jury is no longer a valid objection); *Merito v. State,* Nos. 2-06-050-CR, 2-06-051-CR, 2007 WL

4

289683, at *4 (Tex.App.–Fort Worth Feb. 1, 2007, no pet.) (mem. op., not designated for publication) (objection of relevance and invading province of jury does not preserve Texas Rules of Evidence 701 objection). Accordingly, Appellant has failed to preserve error. Issue No. One is overruled.

In Issue No. Two, Appellant argues that the court erred in failing to grant Appellant's request for an instruction on the lesser-included offense of assault in the charge to the jury. Appellant objected to the charge in that it failed to include an instruction on the lesser-included offense of assault, and the court denied the requested instruction.

Appellant maintains that some evidence exists that if Appellant is guilty, he is guilty only of the lesser offense of assault. Specifically, he states the evidence shows that on the complainant's first visit to the hospital, she was treated and released several hours later. On the second admission, she was admitted and stayed in the hospital for ten days. Appellant asserts that this indicates she was not seriously injured on the first occasion; therefore, the court should have instructed the jury on the lesser-included offense of assault.

To determine whether Appellant was entitled to a charge on the lesser-included offense, we apply a traditional two-prong test. *See Bignall v. State*, 887 S.W.2d 21, 23 (Tex.Crim.App. 1994); *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex.Crim.App.), *cert. denied*, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. 1981); *Bartholomew v. State*, 882 S.W.2d 53, 54-55 (Tex.App.–Houston [14th Dist.] 1994, pet. ref'd); *Ramirez v. State*, 976 S.W.2d 219, 226-27 (Tex.App.–El Paso 1998, pet. ref'd). First, the elements of the lesser-included offense must be included within the proof necessary to establish the offense charged. *Bignall*, 887 S.W.2d at 23; *Ramirez*, 976 S.W.2d at 227. Second, some

evidence must exist in the record that would permit a jury rationally to find that, if the defendant is guilty, he is guilty only of the lesser offense. *Ramirez*, 976 S.W.2d at 227.

The credibility of the evidence and whether it conflicts with other evidence or is controverted may not be considered in making the determination of whether the lesser-included offense should be given. *See Gadsden v. State*, 915 S.W.2d 620, 622 (Tex.App.–El Paso 1996, no pet.); *Barrera v. State*, 914 S.W.2d 211, 212 (Tex.App.–El Paso 1996, pet. ref'd). Regardless of its strength or weakness, if any evidence raises the issue that the defendant was guilty of only the lesser offense, then the charge must be given. *Saunders v. State*, 840 S.W.2d 390, 391 (Tex.Crim.App. 1992). An accused may be found guilty of only a lesser-included offense if there is evidence that affirmatively rebuts or negates an element of the greater offense or if the evidence is subject to different interpretations, one of which rebuts or negates the crucial element. *See Ramirez*, 976 S.W.2d at 227.

It is not, however, sufficient that the jury merely disbelieves crucial evidence pertaining to the greater offense. *See Skinner v. State*, 956 S.W.2d 532, 543 (Tex.Crim.App. 1997), *cert. denied*, 523 U.S. 1079, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998). There must be some evidence directly germane to the lesser-included offense for the jury to consider before an instruction on the lesser-included offense is warranted. *See Ramirez*, 976 S.W.2d at 227.

A person commits the offense of assault if the person, among other things, intentionally or knowingly causes bodily injury to another, including the person's spouse. TEX.PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2008). Aggravated assault occurs if the person commits an assault under Section 22.01 and the person causes serious bodily injury to another, including the person's spouse. TEX.PENAL CODE ANN. § 22.02(a)(1) (Vernon Supp. 2008). In this instance,

assault is a lesser-included offense of aggravated assault. *See Irving v. State,* 176 S.W.3d 842, 845-46 (Tex.Crim.App. 2005).

With regard to the second prong of the aforementioned test, our review of the record fails to indicate that the complaint was suffering from a lesser injury at the time of her first admission. There is nothing to indicate that the injury was aggravated in the period between her first and second admission, and it is purely speculative to suggest that such was the case. Issue No. Two is overruled.

We affirm the judgment of the trial court.

DAVID WELLINGTON CHEW, Chief Justice

March 26, 2009

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating

(Do Not Publish)